IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No.  21-cv-00731-RBJ

Bankruptcy Case No. 17-20831-MER

IN RE: DANIEL RICHARD DOLL,

    Debtor.

---

DANIEL RICHARD DOLL,

    Appellant,

v.

ADAM M. GOODMAN,

    Appellee.

---

ORDER

In this appeal from the bankruptcy court the question is whether a Chapter 13 standing trustee may retain a fee that he paid himself from amounts collected from the petitioner if petitioner's plan was not confirmed.  The bankruptcy court answered the question "yes."  This Court answers the question "no," and therefore the decision of the bankruptcy court is reversed.

## FACTS

The facts are not disputed.  Mr. Doll filed his voluntary petition on November 20, 2017. The bankruptcy court ultimately declined to confirm his plan, and the matter was dismissed on March 6, 2020.  Mr. Doll made $29,900 in Chapter 13 plan payments to the trustee.  From this

1

amount Mr. Doll's counsel received $19,800, and $7,503.30 was disbursed to the Colorado Department of Revenue on an allowed priority tax claim. The trustee paid the remainder, $2,596.70, to himself in partial satisfaction of the statutory 10% trustee's fee provided at 28 U.S.C. § 586(e) and 11 U.S.C. § 1326(a) and (b). The $2,596.70 payment is the sum now in dispute. Mr. Doll requested that it be returned to him. The bankruptcy court denied his request.

## STANDARD OF REVIEW

The Court reviews the bankruptcy court's conclusions of law de novo. *Bartmann v. Maverick Tube Corp.,* 853 F.2d 1540, 1543 (10th Cir. 1988).

## ANALYSIS and CONCLUSIONS

### A. **Petitioner's Position**.

Petitioner relies on 11 U.S.C. § 1326 which provides, as to a Chapter 13 proceeding, that:

> If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practical. *If a plan is not confirmed, the trustee shall return any such payments not previously paid out and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).*

11 U.S.C. § 1326(a)(2) (emphasis added).

Petitioner compares that provision to its Chapter 12 counterpart where trustees may retain fees notwithstanding the denial of confirmation of a plan:

> Payments and funds received by the trustee shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. *If a plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting* – (1) any unpaid claim allowed under section 503(b) of this title; and (2) *if a standing trustee is serving in the case, the percentage fee fixed for such standing trustee.*

11 U.S.C. § 1226(a)(1) (emphasis added).

2

Thus, per petitioner, Congress knew how to permit the trustee to retain fees when a plan is not confirmed and did so with respect to Chapter 12 but not Chapter 13. I note that the bankruptcy court acknowledged that "most courts that have addressed the issue conclude the standing trustee may not retain his percentage fee from returned payments." Order at 3, ECF No. 16-2 at 179. The United States Bankruptcy Appellate Panel of the Tenth Circuit has found that § 1326(a)(2) "unambiguously" requires the return of all payments except § 503(b) claims. *In re Miranda,* 285 B.R. 344, 2001 WL 1538003, at *2 (10th Cir. BAP Dec. 4, 2001) (unpublished).

### B. **Respondent's Position**.

Respondent cites 28 U.S.C. § 586(e) of the Judicial Code which provides,

> *[The standing trustee] shall collect such percentage fee from all payments received by such individual under plans in cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee.* Such individual shall pay to the United States trustee, and the United States trustee shall deposit in the United States Trustee System Fund [the statutorily required amount]. . . .

28 U.S.C. § 586(e)(2) (emphasis added).

Respondent also cites The HANDBOOK FOR CHAPTER 13 STANDING TRUSTEES (the "Handbook"), promulgated by the Executive Office for United States Trustees. It provides that "[i]f the plan is dismissed or converted prior to confirmation, the standing trustee must reverse payment of the percentage fee that had been collected upon receipt if there is controlling law in the district requiring such reversal[.]." *Id.* at 2-3 to 2-4. The bankruptcy court found that "[t]here is no controlling law in the District of Colorado or the Tenth Circuit that would reverse the UST's default position. Under this Court's interpretation of *BDT Farms,* the controlling law in this Circuit appears consistent with the UST's position." Order at 11, ECF No. 16-2 at 187 (Feb. 19, 2021).

Respondent also cites, among other cases, a recent decision of the United States Bankruptcy Appellate Panel of the Ninth Circuit in which the panel in a 2-1 decision reversed the bankruptcy court's denial of the trustee's statutory fee after dismissal of the debtor's case. *In re Harmon,* 2021 WL 3087744 (9th Cir. BAP July 20, 2021) (unpublished).

### C. Conclusions.

The bankruptcy court's reference in its order denying Mr. Doll's request was to *In re BDT Farms, Inc.,* 21 F.3d 1019 (10th Cir. 1994). The case concerned the calculation of the standing trustee's fee under 28 U.S.C. § 586(e) in a Chapter 12 bankruptcy. The question was whether the standing trustee's fee should be calculated on the total amount collected by the trustee or on the amount to be paid to creditors (after deduction of the trustee's fee). The Handbook's policy was that the trustee's fee was a percentage of all monies received from the debtor, including the trustee's fee itself. The court held that § 586 was ambiguous and, therefore, the court would defer to a reasonable interpretation of the statute by the agency, i.e., so-called *Chevron* deference. *Id.* at 1023.

However, the court did not consider the issue presented in the present case. *BDT* was not a case where the plan was not confirmed, nor did *BDT* construe § 1326. I do not consider *BDT* as controlling law as to whether the amount the trustee paid himself in the present case should or should not be repaid.

The language of § 586 that the standing trustee "shall collect such percentage fee from all payments received" could be read as implying that the collected fee may be retained regardless of whether the plan is confirmed. However, it does not expressly address the question, and I conclude that it does not compel that result. But 11 U.S.C. § 1326(a)(2) provides, "[i]f a plan is

4

not confirmed, the trustee shall return any such payments not previously paid out and not yet due and owing to creditors." If the payments must be returned, then in my view it follows that fees collected from such payments must be returned.

Notably, the language of § 1326(a)(2) stands in contrast to Chapter 12 which provides that "[i]f a plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting . . . the percentage fee fixed for such standing trustee." No similar allowance for a deduction of the standing trustee's fee before returning the payments is built into § 1326(a)(2).

Therefore, I do not find any cause to apply *Chevron* deference, because I conclude that the answer can be found in the language of the statutes. Although I might, as a policy matter, prefer that the trustee be fairly compensated for his efforts, it is a matter for Congress to address, just as Congress did in the Chapter 12 context.

## ORDER

The order of the United States Bankruptcy Court for the District of Colorado permitting Chapter 13 Trustee Adam Goodman to retain the $2,596.70 fee is reversed. The matter is remanded with directions to order the Trustee to return the fee to Mr. Doll.

DATED this 6th day of December, 2021.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge